Robert J. Foster, Esquire
Pa. Attorney ID No. 61912
Reger Rizzo Darnall LLP
Cira Centre
2929 Arch Street 13th Floor
Philadelphia, PA 19104
Ph: 215.495.6500
Fax: 215.495.6600
rfoster@regerlaw.com

Attorneys for Plaintiff and the proposed class

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH GRAHAM, individually, on behalf of other similarly situated individuals, and on behalf of the general public.<br>Plaintiff(s),<br><br>vs.<br><br>TENANTREPORTS.COM, LLC, a Pennsylvania corporation; and DOES 1-10 inclusive,<br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) – (3) Violations of the Fair Credit Reporting Act, 15 USC § 1681 *et seq*.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JOSEPH GRAHAM (hereafter "Plaintiff") by and through his attorneys, on behalf of himself, the Classes set forth below, and in public interest, brings this Class Action Complaint against Defendants TENANTREPORTS.COM, LLC, a Pennsylvania corporation; and DOES 1-10 inclusive (hereinafter collectively as "Defendant" or "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      On or about December 8, 2020, Defendant furnished a consumer report to Plaintiff's prospective landlord.

2.      Long and Foster Property Management is a real estate brokerage company in Chantilly, Virginia.

3.      Despite Plaintiff's almost 700 credit score, Plaintiff was denied rental housing. Plaintiff is informed, and believes, and thereon alleges that Plaintiff was denied in whole or in part based on the erroneous criminal history information disclosed on Plaintiff's consumer report.

4.      The subject consumer report furnished by Defendant disclosed a 2006 criminal conviction that has been sealed and expunged since 2016.

5.      Specifically, Defendant disclosed both dismissed and guilty charges associated with the expunged case.

6.      These charges were dismissed in 2009 and the disclosure of which is in violation of the obsolesce requirement under the Fair Credit Reporting Act ("FCRA") 15 USC §1681c(a)(2) and (5).

7.      Moreover, the entire case along with all of its charges were expunged in 2016.

8.      Thus, the disclosure is inaccurate as it does not reflect the current public record stats of the case. *See* 15 USC §1681e(b) requiring consumer reports to have ***maximum possible accuracy***.

9.      Defendant states on its website that the results are available immediately. *See* Exhibit 1, "Use our online portal to process tenant screenings and receive immediate results."

10.      Since the results are available "immediately," it is practically impossible to obtain criminal record information directly from the courts. Thus, Plaintiff is informed, and believes, and thereon alleges that Defendant routinely sells criminal records information it obtained or purchased from third-party criminal record repositories.

-2-

11.     These repositories frequently contain inaccurate, and outdated criminal records. It is well-known within the industry that it is virtually impossible to ensure that all criminal records contained in these databases are accurate and up-to-date.

12.     A frequent problem with selling criminal records from these databases is that expungements are not accurately reflected in these database records.

13.     This is a widely-known problem for decades within the in industry and that Defendant knew or should have known about this problem.

14.     Nevertheless, Defendant chose to sell database records that it knew or had reason to know to be inaccurate resulting in the error disclosed in Plaintiff's report.

15.     Moreover, a basic requirement that all consumer reporting agencies such as Defendant is to respond to consumer file requests under 15 USC §1681g(a).

16.     On or about January 5, 2021, Plaintiff forwarded a full file request pursuant to 15 USC §1681g(a) to Defendant via United States Postal Service ("USPS") Certified Mail (#7019-2280-0001-1978-5299). Exhibit 2.

17.     USPS's website confirmed that the mail was delivered on January 13, 2021. To date, Plaintiff has received no response to his request.

18.     Pursuant to §§1681n and o of FCRA, a willful and/or reckless violation entitles the Plaintiff and the classes defined below ("Classes") to statutory penalties; whereas negligent violation entitles Plaintiff to actual damages.  Costs of action and attorney fees are also recoverable for any successful action. Plaintiff on behalf of himself and the classes defined below hereby seeks relief as allowed by law.

1

**THE PARTIES**

2

19.   Individual and representative Plaintiff is, and at all times

3

relevant herein was, a "consumer" as per §1681a (c).

4

20.   Plaintiff, class representative, is an adult individual currently

5

residing in Bergen County, Edgewater, New Jersey.

6

21.   Defendant is and at all times herein mentioned was, a

7

corporation registered to do business in the Pennsylvania with a principal

8

place of business in 370 Reed Road, Suite 101 Broomall, PA 19008.

9

22.   Defendant is a "Consumer Reporting Agency" within the
meaning of §1681a(f).

10

23.   The background check report created by Defendant is a

11

"Consumer Report" within the meanings of §1681a(d).

12

24.   Plaintiff is ignorant of the Defendants sued herein as DOES 1-

13

10, inclusive, and therefore sues those Defendants by such capacities when

14

such information is ascertained.

15

25.   Plaintiff is informed and believes and thereon alleges that each

16

of the Doe Defendants is responsible in some manner for the occurrences

17

herein alleged and that Plaintiff's damages as herein alleged were

18

proximately caused by such occurrences.

19

20

26.   Plaintiff is informed and believes and thereon alleges that, at all

21

times herein mentioned, Defendants DOES 1-10, were agents of each other

and of the named Defendants and in doing the things alleged in this

22

complaint, were acting in the scope of such agency and with the permission

23

and consent of Defendants.

24

**JURISDICTION AND VENUE**

25

27.   This Court has personal jurisdiction over Defendant because,

26

during the relevant time period, Defendant maintained headquarters in

27

Pennsylvania and was registered to do business in Pennsylvania. Venue is

28

-4-

appropriate because Defendant's registered address and main office is in the Eastern District of Pennsylvania. Additionally, Defendant's conduct occurred in the Eastern District of Pennsylvania.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff asserts the claims set forth in in **Claims I** on behalf of himself and the **Inaccuracy Class** defined as follows:

> All individuals on whom Defendant prepared a consumer report in the two years predating the filing of this Complaint and continuing through the date the class list is prepared, sold a consumer report containing expunged criminal records.

29.        Plaintiff asserts the claims set forth in **Claims II** on behalf of himself and the **Obsolescence Class** defined as follows:

> All individuals on whom Defendant prepared a consumer report in the two years predating the filing of this Complaint and continuing through the date the class list is prepared, sold a consumer report containing any public record of criminal arrest, charge, conviction or other item of adverse information that antedate the date of the report by more than 7 years.

30.    Plaintiff asserts the claims set forth in **Claims III** on behalf of himself and the **Disclosure Class** defined as follows:

> All individuals on whom Defendant prepared a consumer report in the two years predating the filing of this Complaint and continuing through the date the class list is prepared to

-5-

whom, after being requested, Defendant failed to provide the full file.

31.     Numerosity: Each class is so numerous that joinder of all class members is impracticable. Defendant regularly furnishes consumer reports and impermissibly includes information about consumers containing obsolete public records. Defendant also furnishes consumer reports containing public records information which are incomplete and not updated.  Defendant also regularly receives requests from consumers for their full files and regularly fails to provide to a response.

32.     Typicality: Plaintiff's claims are typical of the members of the Classes. Defendant furnishes consumer report and typically includes obsolete information as well as public records information which is incomplete and not updated. Defendant also typically fail to provide to consumers, upon request, any response to their request for their full file.  The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and Defendants treated Plaintiff consistent with other class members in accordance with its standard policies and practices.

33. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in complex class action litigation.

34. Commonality: Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.  Whether Defendant violated 15 USC §1681e(b) by disclosing expunged criminal history records.

a. Whether Defendant violated 15 USC §1681g(a) by failing to provide any response to a full file request;

-6-

b. Whether Defendant violated 15 USC §1681c(a) by disclosing adverse items of information which antedate the report by more than seven year

b. Whether Defendant's violations of the FCRA were willful;

c. The proper measure of statutory damages; and

d. The proper measure of punitive damages.

35. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendant. Further, adjudication of each individual class member's claim as separate action would prospectively be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

36. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Defendant's conduct described in this Class Action Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning the Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

37. Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23. The names and addresses of the class members are available from Defendant's records.

## FIRST CAUSE OF ACTION

**(Violation of 15 USC §1681e(b) against Defendant and Does 1-10)**

*(On behalf of himself and the Inaccuracy Class)*

38.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

39.    Defendant willfully and/or recklessly violated the above referenced statutory provisions by failing to utilize reasonable procedures to ensure the maximum possible accuracy of the information.

40.    Plaintiff further alleges that Defendant's action was willful and/or reckless as to the erroneous information reported as Defendant knowingly and/or recklessly disclosed expunged criminal records information.

41.    Defendant knew or should have known that its procedure of furnishing instant background check reports based on database information foreseeably and will likely result in the disclosure of erroneous criminal record information such as the disclosure made in this case.

42.    Defendant's willful and/or reckless violation of the statute entitles Plaintiff to actual damages, attorney's fees as well as statutory penalties.

43.    Alternatively, Plaintiff alleges that Defendant's actions were negligent as Defendant did not utilize reasonable procedures to ensure that the reported information was accurate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CAUSE OF ACTION

**(Violation of 15 USC §1681c(a)(2) and (5) against Defendant and Does 1-10)**

*(On behalf of himself and the Obsolescence Class)*

44.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

45.    Defendant willfully and/or recklessly violated the above-mentioned statutory provisions by disclosing adverse items of information which antedate the report by more than seven years.

46.    Defendant could have readily or easily complied with the FCRA by employing a simple algorithm that prevents the disclosure of adverse items of information that are older than seven years.

47.    Defendant being in the industry for more than 25 years knew or should have known that background check companies that disclose adverse items of information older than seven years have been routinely subject to class action lawsuits for this conduct.

48.    Nevertheless, Defendant willfully chose to fail to employ cost-effective and simple solutions to prevent the disclosure of such criminal record information resulting in foreseeable violation of the FCRA.

49.    Defendant's willful and/or reckless violation of the statute entitles Plaintiff and the Disclosure Class to actual damages, attorney's fees as well as statutory penalties.

## THIRD CAUSE OF ACTION

**(Violation of 15 USC §1681g(a) against Defendant and Does 1-10)**

*(On behalf of himself and the Disclosure Class)*

50.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

51.    Defendant willfully and/or recklessly violated the above-mentioned statutory provisions by failing to respond to consumer's full file request.

52.    It is further alleged that Defendant's action was willful and/or reckless in this regard, since they acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681g(a).

53.    Despite the clear and unambiguous statutory text and there being a depth of guidance in this regard, they adopted a policy of not responding to consumers full file requests. By adopting this policy, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

54.    Defendant's willful and/or reckless violation of the statute entitles Plaintiff and the Disclosure Class to actual damages, attorney's fees as well as statutory penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment against Defendants, and each of them, as follows:

a. Determining that this action may proceed as a class action under Rule 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as representative for the Class and designating Plaintiff's Counsel as counsel for the Class;

c. For a declaration that Defendants' practices violated the statutes as specified above;

d. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

e.  For interest upon such damages as permitted by law;

-10-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

f.   For an award of reasonable attorneys' fees provided by law under all applicable statutes;

g.   For the costs of suit;

h.   For injunctive relief as applicable; and

j. For such other orders of the Court and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff and the Classes hereby request and demand a jury trial on all issues triable by jury.

DATED: November 16, 2022

/s/ Robert J. Foster
Robert J. Foster, Esquire
rfoster@regerlaw.com
Reger Rizzo Darnall LLP
Cira Centre
2929 Arch Street 13th Floor
Philadelphia, PA 19104
Ph: 215.495.6500
Fax: 215.495.6600

*Pro hac vice application to be filed:*

Devin Fok (SBN #256599)
devin@devinfoklaw.com
DHF Law, PC
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023

COMPLAINT FOR DAMAGES